ROBERT S. BREWER, JR.
United States Attorney
Alicia Phillip Williams
Assistant U.S. Attorney
California Bar No.: 262823
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8917
Email: Alicia.Williams@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SAUL LEAL,<br>Defendant. | Case No.: 19-CR-1697-BAS<br>The Honorable Cynthia Bashant<br>**THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br>Date: June 17, 2019<br>Time: 2:00 P.M. |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, ROBERT S. BREWER, JR., United States Attorney, and Alicia Williams, Assistant United States Attorney, hereby files its Response to Defendant's Motion to Compel Discovery. This Response is based upon the files and records of this case, together with the attached statement of facts and memorandum of points and authorities.

DATED: June 10, 2019

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

*/s/Alicia P. Williams*
Assistant United States Attorney

**I.**

**RELEVANT BACKGROUND**

On April 16, 2019, at approximately 5:50 P.M., SAUL LEAL, ("Defendant") applied for entry form Mexico into the United States at the San Ysidro, California Port of Entry as the driver and sole occupant of a 2000 Nissan Xterra. While the vehicle was still located in the pre-primary area, a United States Customs and Border Protection Officer performed an inspection on the vehicle and received an abnormally high buster reading on the spare tire. The officer requested a Canine Enforcement Officer and his Human and Narcotics Detection Dog ("HNDD") screen the vehicle. The HNDD alerted to the spare tire.

In secondary, officers again screened the vehicle using the Z-portal machine. The screening revealed anomalies in the spare tire, front seats, and both quarter panels. Ultimately, officers discovered 55 packages of a white crystal-like substance, with a total weight of 30.58 kilograms. The white crystal-like substance field-tested positive for the presence of methamphetamine. Officers also discovered another five packages of a white powdery substance, with a total weight of 5.60 kilograms. The white powdery substance field-tested positive for the presence of cocaine. Officers placed Defendant under arrest.

Post-arrest, agents read Defendant his *Miranda* rights. Defendant elected to waive those rights and provide agents with a statement. Defendant told agents he recently replied to an advertisement on Facebook soliciting people looking for work. After sending the message, Defendant told the agents he received a message from an individual named "Tomas." According to Defendant, Tomas introduced him to an individual, who Tomas referred to as "Supervisor." The two men told Defendant he would be bringing candy and wallets from Mexico into the United States. They provided Defendant with a vehicle and a cellular phone. They were going to pay Defendant $35 for each trip. Defendant told agents, he tried to have the vehicle registered in the United States, but could not do so because the vehicle failed the smog test. As a result, he returned the vehicle to Tomas, who claimed to have fixed the problem.

Defendant stated on the day of his arrest, Tomas rode with Defendant to the port of entry. When they arrived at the port of entry, Tomas exited the vehicle. Before exiting, Tomas told Defendant there was a GPS tracker in the vehicle. Defendant told agents he suspected Tomas and the other individual were involved in narcotics smuggling. He also stated he suspected there was something illegal in the vehicle, and even gave his wife his credit card in the event he was arrested.

On May 13, 2019, Defendant was arraigned on a two-count Information charging Defendant in Count One with Importation of Methamphetamine, and in Count Two with Importation of Cocaine in violation of Title 21, United States Code, Section 952 and 960. On May 30, 2019, Defendant filed a motion to compel discovery. This response follows.

## II.

## RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

To date, the United States has produced 46 pages of discovery and one DVD, including reports of investigation, laboratory results, and video of Defendants' post-arrest interview. The United States will produce additional discovery once it is received.

The United States recognizes and acknowledges its obligations pursuant to the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States has complied and will continue to comply with its discovery obligations going forward. To date, the United States has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and will comply with its obligations. The United States will also produce any evidence of bias/motive, impeachment, or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

In sum, the United States has already produced substantial discovery in this case. Further, while discovery remains ongoing, the parties continue to discuss a possible resolution of this case.

**III.**
**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that no orders compelling specific discovery be made at this time.

DATED: June 10, 2019.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/ *Alicia P. Williams*
ALICIA P. WILLIAMS
Assistant United States Attorney